JOSEPH FUENTES, Respondent, v. ABRAHAM I. KOSOWER, Also Known as ABRAHAM KAY, and KAY FIRE RETARDING AND CONSTRUCTION CORP., Appellants.

First Department, March 7, 1941.

*Sol Tekulsky* of counsel [*Irving H. Rosenberg* with him on the brief; *Hartman, Sheridan & Tekulsky*, attorneys], for the appellants.

*Herman Z. Rothstein*, for the respondent.

PER CURIAM. Plaintiff commenced an action against the defendants demanding, with other relief, a direction to compel the

individual defendant to account for his alleged misconduct in the management of the corporate defendant, and to pay to said corporation amounts claimed to have been misappropriated. On the trial of the action, while plaintiff was upon the stand as a witness, and after a conference between counsel and the court, the court announced its view that the plaintiff and the individual defendant were in fact copartners, and stated that it would appoint a referee to take an accounting between them, with a direction that the trial of the action be adjourned until a further date pending the referee's report. Receivers were to be appointed to hold the rents of the real property which was owned by the corporate defendant until the determination of the issues involved. This disposition apparently was agreed to by both counsel, and was in the nature of an attempt to aid in the settlement of the litigation. Thereafter, however, an interlocutory judgment was entered which, in addition to the matters included in the discussion had upon the trial, adjudged and decreed that the plaintiff was entitled to forty per centum of the stock of the corporate defendant, and the individual defendant entitled to sixty per centum thereof. This and other matters not referred to in said discussion were attempted to be determined by the judgment, although neither side had completed its proof.

We think the procedure adopted was unwarranted. Accordingly, the interlocutory judgment must be reversed, with costs to the appellants, and a new trial ordered.

The appeal from the order denying resettlement should be dismissed.

Present — MARTIN, P. J., GLENNON, DORE, COHN and CALLAHAN, JJ.

Interlocutory judgment unanimously reversed, with costs, and a new trial ordered. Appeal from order denying resettlement dismissed.